Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T  +1 202.887.4000
F  +1 202.887.4288
akingump.com



**Pratik A. Shah**
+1 202.887.4210/fax: +1 202.887.4288
pshah@akingump.com

June 5, 2023

**VIA ELECTRONIC COURT FILING**

Jarrett B. Perlow
Acting Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

    Re:    *United States v. Katana Racing, Inc.*, Case No. 22-1832: Defendant-Appellee's Rule 28(j) Citation of Supplemental Authorities

Dear Mr. Perlow:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Defendant-Appellee submits this letter to notify the Court of three pertinent and significant cases that have come to counsel's attention since the filing of the response brief.

    In *Panther Rubber Manufacturing Co. v. Commissioner*, 45 F.2d 314 (1st Cir. 1930), the First Circuit held a statute-of-limitations waiver invalid because the signing party had been misled by a government official's statements. *Id.* at 316. The court explained that "[f]raud may consist not only in stating a fact known to be false, intending it to be relied on, but in asserting as of one's own knowledge, especially by one who would be presumed to know, material facts, susceptible of knowledge, when the person so stating does not know whether they are true or false, even though he may believe them to be true." *Id.* This case supports Defendant-Appellee's argument that its third statute-of-limitations waiver was invalid because it was induced by the government's misleading representations, even if the representations were not made with fraudulent intent. *See* Resp. Br. 24-30.

    Under similar circumstances, the Third Circuit and Fourth Circuit also have deemed a taxpayer's waivers unenforceable. *See Philadelphia & Reading Corp. v.*



Page 2

*United States*, 944 F.2d 1063, 1067, 1072 (3rd Cir. 1991) ("The IRS's failure to meet a condition precedent to a taxpayer's agreement to waive the statutory procedures limiting the right to assess prevent an agreement to waive from ever becoming effective."); *Ripley v. Commissioner*, 103 F.3d 332, 337 (4th Cir. 1996) ("[W]hen a taxpayer qualifies the waiver of the limitations period on specified conditions, those conditions cannot be ignored."). Those two cases support Defendant-Appellee's argument that the government is barred from relying on the statute-of-limitations waiver at issue when, even absent any fraud, the government failed to provide the promised administrative procedures that were the basis for Defendant-Appellee's agreement to the waiver. *See* Resp. Br. 25-29.

        Sincerely,

        /s/ Pratik A. Shah
        Pratik A. Shah
        AKIN GUMP STRAUSS HAUER &
         FELD LLP
        2001 K Street, N.W.
        Washington, DC 20006
        (202) 887-4210

        *Counsel for Defendant-Appellee Katana Racing, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j). The body of this letter contains 313 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The letter has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style.

June 5, 2023 /s/ Pratik A. Shah
Pratik A. Shah