# United States Court of Appeals
# for the Federal Circuit

_____

**UNITED STATES,**
*Plaintiff-Appellant*

**v.**

**KATANA RACING, INC., DBA WHEEL & TIRE
DISTRIBUTORS,**
*Defendant-Appellee*

_____

2022-1832

_____

Appeal from the United States Court of International
Trade in No. 1:19-cv-00125-TJA, Senior Judge Thomas J.
Aquilino, Jr.

_____

Decided: August 3, 2023

_____

EMMA EATON BOND, Commercial Litigation Branch,
Civil Division, United States Department of Justice, Washington, DC, argued for plaintiff-appellant. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M.
MCCARTHY.

PRATIK A. SHAH, Akin Gump Strauss Hauer & Feld
LLP, Washington, DC, argued for defendant-appellee. Also
represented by PATRICK KLEIN, JOHN M. PETERSON, Neville
Peterson LLP, New York, NY; RICHARD F. O'NEILL, Seattle,
WA.

———————————

Before PROST, SCHALL, and HUGHES, *Circuit Judges.*

SCHALL*, Circuit Judge.*

On July 15, 2019, the United States brought an action in the United States Court of International Trade against Katana Racing, Inc. ("Katana"). In that action, the government sought to recover unpaid customs duties and fees pursuant to the Tariff Act of 1930, 19 U.S.C. § 1592(d). J.A. 89–94. Instead of answering the complaint, on August 30, 2019, Katana filed a motion to dismiss pursuant to United States Court of International Trade Rule ("CIT Rule") 12(b). Among other things, Katana asserted that the complaint should be dismissed pursuant to CIT Rule 12(b)(1) for lack of jurisdiction because the government had filed suit after the statute of limitations set forth at 19 U.S.C. § 1621 had run. Katana stated that, although it had signed a waiver of the statute of limitations on October 25, 2016, it had revoked the waiver prior to the expiration of the limitations period. J.A. 242–45. In a decision dated March 28, 2022, the Court of International Trade found that Katana had properly revoked its October 25, 2016 waiver of the statute of limitations. As a result, the court held that the government's suit was untimely, and it dismissed the suit pursuant to CIT Rule 12(b)(1) for lack of jurisdiction. *United States v. Katana Racing, Inc.*, 569 F. Supp. 3d 1296, 1314 (Ct. Int'l Trade 2022).

The government now appeals. For the reasons set forth below, we hold that the Court of International Trade erred in dismissing the government's suit for lack of jurisdiction. We therefore reverse the court's decision and remand the case to the court for further proceedings.

BACKGROUND

I

The facts pertinent to this appeal are set forth in the government's complaint. *See Bioparques de Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336, 1343 (Fed. Cir. 2022) ("At the motion to dismiss stage, we 'must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant.'" (quoting *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1359 (Fed. Cir. 2016))).

Katana, a California-based distributor of high-end wheels and tires, was the importer of record for 386 entries of passenger vehicle and light truck tires from China between November 24, 2009, and August 7, 2012. J.A. 89–91. For those 386 entries, Katana supplied U.S. Customs and Border Protection ("Customs" or "CBP") with invoices that listed prices lower than what Katana actually paid its Chinese vendors. *Id.* at 91. Due to this error, Katana undercalculated the amount of safeguard duties, regular customs duties, harbor maintenance fees, and merchandise processing fees it owed Customs by $5,742,483.80. *Id.* On June 20, 2019, Customs issued a demand to Katana for the unpaid duties and fees. *Id.* at 93.

As noted, on July 15, 2019, the government filed suit against Katana for unpaid customs duties and fees "[b]ased on its violation of 19 U.S.C. § 1592(a) and under 19 U.S.C. § 1592(d)." *Id.* at 93–94. According to the government, "Katana did not exercise reasonable care to ensure that [the 386 entries at issue] . . . reflected accurate values of the merchandise, and thus Katana violated 19 U.S.C. § 1592(a)." *Id.* at 92.[1]

---

    1    Section 1592(a) provides:

Although filed outside the statute of limitations time period set forth at 19 U.S.C. § 1621, the government's complaint stated that it was timely because Katana had executed three consecutive waivers of the statute of limitations. In the last of these waivers, dated October 25, 2016, Katana indicated that the statute of limitations would be waived for a period "up to and including July 15, 2019," the date the government filed suit. *Id.* at 90 (quoting J.A. 173).

## II

As noted, on August 30, 2019, Katana moved to dismiss the government's action under CIT Rule 12(b). J.A. 204–05. Specifically, Katana's motion sought dismissal under CIT Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" and CIT Rule 12(b)(1) for "lack of subject-matter jurisdiction." *Id.* at 204; CIT Rule 12(b). Katana's motion included a statement of facts supported by exhibits other than the pleadings. J.A. 213–21, 215 n.4, 252. In that statement of facts, Katana asserted that it "had been the victim of a pervasive scheme of identity theft,

————————————

> [N]o person, by fraud, gross negligence, or negligence . . . may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of (i) any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or (ii) any omission which is material[.]

Section 1592(d) states that "if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of [§ 1592(a)], the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed." Section 1592(c) of 19 U.S.C. sets forth "[m]aximum penalties" for violations of § 1592(a).

as Chinese vendors had engaged U.S. customs brokers to file entries in Katana's name, without Katana's knowledge or permission." *Id.* at 215.

Although it acknowledged that a CIT Rule 12(b)(6) motion turns on the facts as alleged in the complaint, *id.* at 222, Katana stated that, "[t]o the extent the parties rely on materials outside the pleadings," the Court of International Trade should treat Katana's motion as a motion for summary judgment under CIT Rule 12(d), *id.* at 215 n.4.[2] In its motion, Katana also stated that the court could consider evidence outside the pleadings to establish the predicate facts when considering a CIT Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Id.* at 221–22 (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)).

Katana made three main arguments in its motion to dismiss. First, it argued that the government's complaint should be dismissed under CIT Rule 12(b)(6) for failure to state a claim because Customs had never found a violation of 19 U.S.C. § 1592(a). According to Katana, such a finding was a prerequisite to the assessment of penalties under 19 U.S.C. § 1592(c) and the assertion of a claim for unpaid and owed duties under 19 U.S.C. § 1592(d). *Id.* at 222, 228, 232–37. Second, Katana argued that the complaint should be dismissed under CIT Rule 12(b)(6) because Customs was required to exhaust the administrative procedures set forth in 19 U.S.C. § 1592(b) before it could lawfully determine

---

[2]     CIT Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

that a violation of § 1592(a) had occurred, which it failed to do. *Id.* at 237–42.[3]

Katana's third argument was that the government's suit was untimely and should be dismissed under CIT Rule 12(b)(1) because Katana had revoked its final waiver of the statute of limitations. *Id.* at 242–49. Katana asserted that it had agreed to three different waivers of the statute of limitations "[a]t CBP's request, and in order to obtain the benefit of orderly administrative proceedings regarding any violations which might be asserted." *Id.* at 243 (internal quotation marks omitted). Katana argued that it properly revoked the third waiver of the statute of limitations on June 26, 2019, because, contrary to representations that Customs had made to it, Customs never undertook the administrative proceedings contemplated by § 1592(b) to determine the validity of Katana's claim that it had been the victim of identity theft. *Id.* at 243–49.

Responding first to Katana's arguments for dismissal under CIT Rule 12(b)(6), the government argued that Customs need not have established a violation of § 1592(a) to bring suit. Instead, the government contended, it needed only to allege a violation of § 1592(a) in its complaint. J.A. 697. Next, the government urged that Customs need not have followed the administrative process outlined in § 1592(b) to establish such a violation of § 1592(a) prior to filing suit under § 1592(d). *Id.* at 693–97. In making this argument, the government cited this court's decisions in *United States v. Blum*, 858 F.2d 1566 (Fed. Cir. 1988), *United States v. Inn Foods, Inc.*, 560 F.3d 1338 (Fed. Cir. 2009), and *United States v. Jac Natori Co.*, 108 F.3d 295

---

[3]   Section 1592(b) sets forth procedures that must be followed when the government seeks to collect a penalty for a violation of § 1592(a). These procedures include a pre-penalty notice and a penalty claim. 19 U.S.C. § 1592(b)(1), (2).

(Fed. Cir. 1997), as well as the decisions of the Court of International Trade in *United States v. Aegis Security Insurance Co.*, 301 F. Supp. 3d 1359 (Ct. Int'l Trade 2018), *United States v. Nitek Electronics, Inc.*, 844 F. Supp. 2d 1298 (Ct. Int'l Trade 2012), *aff'd on other grounds*, 806 F.3d 1376 (Fed. Cir. 2015), *United States v. Aegis Security Insurance Co.*, 398 F. Supp. 2d 1354 (Ct. Int'l Trade 2005), and *United States v. Ross*, 574 F. Supp. 1067 (Ct. Int'l Trade 1983). J.A. 694–98. According to the government, these cases stand for the proposition that § 1592(d) creates an independent cause of action for unpaid duties that does not require the exhaustion of § 1592(b)'s administrative remedies. *Id.*

The government also disputed Katana's contention that the suit was untimely. Katana's purported justification for revoking its third waiver of the statute of limitations was unavailing, the government asserted, because the government did not promise Katana administrative proceedings in exchange for the waiver. *Id.* at 701–02. In addition, the government argued that Katana should be estopped from revoking its waiver because Customs justifiably relied upon the waiver. *Id.* at 702–04.

III

On March 28, 2022, the Court of International Trade granted Katana's motion to dismiss, reasoning that the suit was "barred by the passage of time." *Katana*, 569 F. Supp. 3d at 1314. The court deemed Katana's June 26, 2019 revocation of its third waiver of the statute of limitations to be effective, accepting Katana's explanation that Customs did not undertake the administrative procedures it had "promised" Katana it would provide. *Id.* at 1305–06, 1308–10, 1312–14. That is, Customs "did not properly exhaust the administrative procedures that it had obliged itself to undertake," the court concluded. *Id.* at 1309. The court also stated that the government could not bring suit against Katana solely because it was the "importer of

record" for the 386 entries at issue. *Id.* at 1314. Instead, Customs had to provide "precise reasons for holding a defendant 'responsible' for paying its § 1592(d) duty demand in its complaint." *Id.*

The government has appealed the Court of International Trade's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

DISCUSSION

I

A

On appeal, the government contends that the Court of International Trade erroneously dismissed its suit for lack of jurisdiction pursuant to CIT Rule 12(b)(1). First, the government argues that the statute of limitations set forth at 19 U.S.C. § 1621 is not jurisdictional. Rather, it is an affirmative defense that, at the pleading stage, must be adjudicated based on the well-pleaded facts in the complaint. Appellant's Br. 15; Reply Br. 1–8. In this vein, the government urges that the court erred when it held that Katana's statute of limitations waiver was properly revoked. While acknowledging that misconduct could render a statute of limitations waiver void, the government asserts that no such misconduct was alleged here and that Katana's waiver was a voluntary, unilateral action that the government relied upon. Therefore, it was irrevocable. Appellant's Br. 15–21 (citing *United States v. Ford Motor Co.*, 497 F.3d 1331, 1336–37 (Fed. Cir. 2007)); Reply Br. 9–16. The government also argues that, even assuming a statute of limitations waiver can be revoked, equitable estoppel prevents Katana from revoking its waiver here. Appellant's Br. 21–26.

The government next argues that the Court of International Trade erroneously determined that Customs had failed to exhaust administrative procedures before issuing a duty demand. The government points to § 1592(b),

which, by its own terms, only applies to penalty claims for violations of § 1592(a), as opposed to restoration of "lawful duties" under § 1592(d).  *Id.* at 26–28.  The government also relies on *Blum*, where we recognized that § 1592(d) provides an independent cause of action to recover lost import duties even against parties who did not themselves violate § 1592(a).  *Id.* at 29 (citing *Blum*, 858 F.2d at 1568–69).  "Accordingly," the government argues, "the Government may bring a non-penalty action for duties under [§ ]1592(d) without first undertaking the administrative procedures necessary to find that Katana, itself, violated [§ ]1592(a)."  *Id.* at 30 (citing *Ross*, 574 F. Supp. at 1069).

Finally, the government argues that the court "erred by holding that Katana's status as importer of record was not sufficient to state a claim under [§ ]1592(d)."  *Id.* at 32; *see also id.* at 31–33.  The government contends that the court erred by engaging in fact-finding in connection with Katana's "identity theft" defense, which the government states is not appropriate at the CIT Rule 12(b)(6) stage.  *Id.* at 33–35.

### B

Katana's position has evolved in the course of this appeal.  In its responding brief, Katana argued that the Court of International Trade correctly determined that it lacked jurisdiction because the government's suit was untimely.  Appellee's Br. 14–15, 43.  Katana asserted that the statute of limitations waiver was procured by deception, specifically, Customs' false promise of the administrative proceedings required by § 1592(b), and that therefore it was in fact "void," as opposed to "revoked."  *Id.* at 22; *see also id.* at 12–13, 15–30.  Katana's brief asserted that the court did not issue an appealable decision on Katana's CIT Rule 12(b)(6) motion, *id.* at 15–16, 23 n.24, 30–32, and that therefore "[t]he sole focus of this appeal should be on the CIT's dismissal based on untimeliness," *id.* at 31.  In the alternative, Katana argued that the government's

complaint did not assert a violation of § 1592(a) and therefore failed to state a claim upon which relief could be granted. *Id.* at 39–43.

At oral argument, however, Katana agreed with the government that, to the extent the Court of International Trade dismissed the government's suit for lack of jurisdiction, it erred.   Oral Arg. at 13:00–14:21, 20:50–21:15 https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22 -1832_06072023.mp3 ("[W]e don't dispute that [the statute of limitations waiver issue] is, in fact, not jurisdictional, so I think we're on the same page with the government there.").   Katana also agreed with the government that Customs was not required by statute to follow the administrative procedures in 19 U.S.C. § 1592(b) in order to assert a claim for unpaid and owed duties under 19 U.S.C. § 1592(d).     *Id.*   at   14:20–50,   26:40–50   (agreeing   that § 1592(b) procedures were not required).[4]  Instead, Katana argued that the Court of International Trade issued an appealable decision on Katana's CIT Rule 12(b)(6) motion and that we should affirm the court's dismissal on that basis. *Id.* at 16:45–17:55. That is, Katana urged at oral argument that the government's complaint should be dismissed for failure to state a claim pursuant to CIT Rule 12(b)(6) because it lacks factual allegations supporting Katana's culpability under § 1592(a). *Id.* at 13:00–14:20, 14:45–20:38. Katana acknowledges that the Court of International Trade improperly considered extrinsic evidence in rendering what Katana now says was a CIT Rule 12(b)(6) decision.   It argues, however, that this error was harmless

---

4    Katana's appeal brief also had conceded that § 1592(b) procedures are not administrative remedies whose exhaustion is required before a suit may be brought to recover withheld duties.  Appellee's Br. 27 n.27 (citing *Blum*, 858 F.2d 1566).

because the government had affirmatively indicated to the court that it did not object to consideration of the exhibits Katana had attached to its motion to dismiss. *Id.* at 21:15–23:00 (quoting J.A. 689 n.1), 24:50–26:05.

II

At times the Court of International Trade's decision appears to interweave analyses under CIT Rules 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction. *See, e.g.*, *Katana*, 569 F. Supp. 3d at 1300 (discussing CIT Rule 12(b)(6) in the context of challenges to subject matter jurisdiction), 1308 ("[T]he question here is whether plaintiff's complaint fails to state a claim for which relief can be granted, which implicates the circumstances that would permit a company to revoke its waiver of the relevant statute of limitations . . . pertaining to a customs duty matter."), 1314 ("The complaint's reliance on that duty demand thus fails to 'state[] a claim to relief that is plausible on its face[,]' given the facts as presented now herein." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). At the end of the day, however, it is clear that the basis for the court's dismissal was CIT Rule 12(b)(1). After first noting that Katana had moved to dismiss pursuant to both rules, the court indicated that "[c]onsideration of the parties' positions persuades the court that *it lacks jurisdiction* over this matter." *Id.* at 1299 (emphasis added). In addition, the court observed that it considered subject matter jurisdiction to be of primary concern since, "if subject matter jurisdiction is lacking, then there can be no adjudication on the merits." *Id.* at 1300 (citation omitted). Finally, the court concluded its decision with the following statement: "[Katana] has provided reasonable justification for its revocation of its last [statute of limitations waiver], with the result that this action is now barred by the passage of time." *Id.* at 1314. This was the basis for Katana's motion to dismiss under CIT Rule 12(b)(1). *See* J.A. 242–49. We therefore agree with Katana's original position that the court did not issue an appealable decision on Katana's

CIT Rule 12(b)(6) motion and, instead, dismissed the suit for lack of jurisdiction under CIT Rule 12(b)(1). We review such a decision de novo. *Hutchison*, 827 F.3d at 1359.

As we have previously held, the statute of limitations set forth at 19 U.S.C. § 1621 is not a jurisdictional time limit. *See United States v. Hitachi Am., Ltd.*, 172 F.3d 1319, 1334 (Fed. Cir. 1999) (reversing a decision by the Court of International Trade and holding that the statute of limitations under § 1621 could be waived because it was not jurisdictional). Instead, it provides "an affirmative defense" that "can be waived . . . either by not raising it or by agreeing before trial not to assert it." *Id.* (citations omitted); *cf. Ford*, 497 F.3d at 1337 ("We hold that Ford's tenth waiver was an express, voluntary, and unilateral act that alone was sufficient to extend the § 1621 statute of limitations period until April 7, 2005."). In addition, a statute of limitations waiver, which is tantamount to a "consensual extension of the limitations period," *United States v. Inn Foods, Inc.*, 383 F.3d 1319, 1322 (Fed. Cir. 2004), serves to preclude the defendant from raising the statute of limitations as an affirmative defense. Our prior conclusion that § 1621 is not jurisdictional is consistent with recent decisions of the Supreme Court addressing similar statutes. *See Wilkins v. United States*, 598 U.S. ___, ___, 143 S. Ct. 870, 875–81 (2023) (concluding that the Quiet Title Act's 12-year statute of limitations, 28 U.S.C. § 2409a(g), is not jurisdictional); *United States v. Wong*, 575 U.S. 402, 408–12 (2015) (holding that the statute of limitations for the Federal Tort Claims Act, 28 U.S.C. § 2401, is not jurisdictional and therefore is subject to equitable tolling, explaining that "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it."); *cf. John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–39 (concluding that the statute of limitations under the Tucker Act, 28 U.S.C. § 2501, is jurisdictional due to the Supreme Court's "definitive earlier

interpretation" of the statute as being of a "more absolute
nature"). We therefore concur with the parties that the
Court of International Trade erred in dismissing the gov-
ernment's suit for lack of jurisdiction under CIT Rule
12(b)(1).

Because the Court of International Trade erred in dis-
missing for lack of jurisdiction, we reverse the court's deci-
sion and remand the case to the court for further
proceedings. *See Ford Motor Co. v. United States*, 635 F.3d
550, 558 (Fed. Cir. 2011) (reversing the dismissal of a claim
for lack of subject matter jurisdiction and remanding after
determining that the Court of International Trade's deci-
sion was based on a requirement that was not jurisdic-
tional).[5] On remand, Katana will be able to assert as an
affirmative defense its claim that its third statute of limi-
tations waiver was void.[6] And of course, on remand Katana

---

[5] Because it was not the basis for the Court of Inter-
national Trade's decision, and because it contradicts Kat-
ana's own original position in this appeal, we decline to
accept Katana's belated invitation to address the suffi-
ciency of the complaint in the first instance on appeal. In-
stead, on remand Katana may renew its motion to dismiss
under CIT Rule 12(b)(6) or seek summary judgment.

[6] The waiver of an applicable statute of limitations
is not a contract, but instead a voluntary, unilateral action
that, once executed, may be relied upon by the government
and therefore cannot be revoked. *Ford*, 497 F.3d at 1336;
*Stange v. United States*, 282 U.S. 270, 276 (1931). Without
expressing any view on the matter, we do not foreclose,
however, Katana's argument that its third waiver was in-
duced by affirmative misconduct by Customs. *See Heckler
v. Cmty. Health Servs. of Crawford Cnty., Inc.,* 467 U.S. 51,
60–61 & n.12 (1984); *United States v. Ford Motor Co.*, 463
F.3d 1267, 1279 (Fed. Cir. 2006) ("[E]stoppel is available
against government actors only in cases involving

also will be entitled to assert any and all defenses to the government's claim for unpaid duties.  We note however that, on remand, Katana will not be able to argue that Customs was required by statute to follow the penalty assessment procedures set forth in 19 U.S.C. § 1592(b).  As the government argues and as Katana recognizes, such procedures were not statutorily required.  Section 1592(b) provides the applicable procedures for issuing a pre-penalty and penalty notice in the event the government seeks to collect *penalties* for a violation of § 1592(a).  In contrast, § 1592(d) explains that "the Customs Service shall require that . . . lawful duties, taxes, and fees be restored, *whether or not a monetary penalty is assessed*."  19 U.S.C. § 1592(d) (emphasis added).  Thus, when a penalty is not assessed, as here, the statute does not mandate the performance of the procedures under § 1592(b).  *See Ross*, 574 F. Supp. at 1069 ("Section 1592(d), taken at face-value, demonstrates that the United States need not follow the elaborate penalty procedures when pursuing a duty claim."); 19 C.F.R. Part 171, Appx. B, section J (noting that, where "issuance of a penalty under [§ 1592] is not warranted," but that "circumstances do warrant issuance of a demand for payment of an actual loss of duty pursuant to [§ 1592(d)]," Customs should follow the procedures set forth at 19 C.F.R. § 162.79b); 19 C.F.R. § 162.79b (requiring "written notice to the person of the liability for the actual loss of duties, taxes and fees or actual loss of revenue," "in any case in which a monetary penalty is not assessed or a written notification of claim of monetary penalty is not issued").[7]

_____

affirmative misconduct." (internal quotation marks and citations omitted)).

[7]    Indeed, the Court of International Trade acknowledged that "generalized case law indicates that collection of unpaid duties does not require the elaborate

### CONCLUSION

For the foregoing reasons, the decision of the Court of International Trade is reversed. The case is remanded to the court for further proceedings consistent with this opinion.[8]

## REVERSED AND REMANDED

### COSTS

No costs.

---

administrative procedures of § 1592(b)(1)." *Katana*, 569 F. Supp. 3d at 1314 (internal quotation marks omitted).

[8]   At oral argument, the parties informed us that pages 165–69 and 177–99 were inadvertently included in the Appendix. Accordingly, at the request of the parties, we have disregarded those pages. *See* Oral Arg. at 10:50–11:52, 12:20–58.